## In re Anonymous No. 36 D.B. 78

Disciplinary Board Docket no. 36 D.B. 78

To the Honorable Chief Justice and Justices of the Supreme Court of Pennsylvania

McDONNELL, *Member,* December 23, 1980— Pursuant to Rule 218(c)(5) of the Pa.R.D.E., the Disciplinary Board of the Supreme Court of Pennsylvania herewith submits its findings and recommendations to your honorable court with respect to the above petition for reinstatement.

### I. HISTORY OF PROCEEDINGS

This honorable court suspended petitioner from the practice of law for a period of five years beginning October 16, 1974. The reason for his suspension was his solicitation of clients and other charges pertaining to the improper handling of personal injury cases in Philadelphia County. On July 19, 1979, petitioner filed a petition for reinstatement and thereafter filed answers to the reinstatement questionnaire. The matter was referred to a hearing committee. A hearing was held on several days beginning November 29, 1979. The hearing committee unanimously recommended that petitioner be reinstated to the practice of law. Thereafter, both petitioner and the Office of

the Disciplinary Counsel filed exceptions to the hearing committee's recommendation together with a brief and petitioner requested an oral argument. On October 8, 1980, an oral argument was held and it was the unanimous opinion of the panel that petitioner not be reinstated to the practice of law at this time.

The board adopts the recommendation of the oral argument panel and recommends to your honorable court that petitioner not be reinstated to the practice of law.

## II. DISCUSSION

The Office of Disciplinary Counsel objects to the reinstatement of petitioner for several reasons. The first reason was that petitioner did not comply with Pa.R.D.E. 217(g) formerly rule of Disciplinary Enforcement 17-17(g) which requires a formerly admitted attorney to keep and maintain records of the steps that the individual has taken under that rule so that proof of compliance therewith will be available at his hearing for reinstatement.

Specifically, the Office of Disciplinary Counsel argues that petitioner was unable to produce a single copy of any letter which he was required to send to his former clients pursuant to Rule 17-17(g). There were some such letters produced at the hearing, but they were produced by the Office of the Disciplinary Counsel. There was also presented at the hearing evidence that in several cases which petitioner had been listed as counsel were later dismissed by the Philadelphia Court of Common Pleas subsequent to petitioner's suspension. In those cases, petitioner's appearance had not been withdrawn and the evidence indicated that none of the clients in the said cases had been notified by petitioner of his suspension. Petitioner

did testify that he notified all of his clients of his suspension, but did not have copies of letters that he sent to them, and testified that he sent said copies to the Disciplinary Board. Evidence produced by the Disciplinary Counsel indicated that they did not receive letters from petitioner to his former clients in all of the cases that he was involved in at the time of his suspension. From the record, it is clear that the petitioner has not complied with Rule 217(g) of the Pa.R.D.E.

The next reason that the Office of Disciplinary Counsel gives for objecting to petitioner's reinstatement is that petitioner had held himself out as a lawyer during the time of his suspension. In support of this argument, they cite the fact that petitioner's name remained in both the white pages and yellow pages of the phone directory up until August of 1977 listing himself as an attorney at law. The Office of Disciplinary Counsel also introduced evidence that at least on two occasions, petitioner had used his letterhead identifying him as an attorney at law. And also, that he allowed his name to be used in an advertisement to incorporate a business wherein at the end of said advertisement in the Legal Intelligencer his name was listed as solicitor for the newly formed corporation. The evidence clearly substantiates the fact that petitioner did hold himself out as a lawyer in the above mentioned manner.

Finally, the Office of Disciplinary Counsel argues that petitioner should not be reinstated because while suspended he still practiced law. In support of this argument, they introduced evidence of petitioner setting up a corporation through a service who deals only with lawyers. They called as a witness at the hearing, an individual who testified that the service for whom he works deals only with

lawyers and that petitioner held himself out to them as a lawyer when they worked with him in establishing a new corporation. Also, introduced into evidence were two letters written after his suspension on stationery indicating petitioner to be an attorney at law to two former clients regarding legal matters that he had been handling for them prior to his suspension. Petitioner's only explanation as to why he used this letterhead was that he had no other stationery available to him. It should be pointed out that the letters that were sent out had stricken out his old address and a new address was typed on these letters. From the record, it is clear that petitioner has held himself out as a lawyer since his suspension and has also in fact practiced law while suspended. For all of these reasons, the Disciplinary Board recommends that petitioner not be reinstated.

## III. CONCLUSION

For all the foregoing reasons, the board respectfully recommends to your honorable court that the petition for reinstatement be denied and that petitioner pay expenses incurred in the amount of $562.20.

Messrs. Harrington and Elliott and Mrs. Neuman did not participate in the adjudication.